UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO 04-

HEIDI K. ERICKSON
    Plaintiff

VS.                                             VERIFIED COMPLAINT

STATE RACING COMMISSION
Thomas Reilly, Attorney General
Joseph Betro, Commissioner, State Racing Commission, (SRC)
William Keen, Chief Commission Steward, Suffolk Downs
Susan Walsh, Commission Steward, Suffolk Downs
Edward Cantlon, Jr., Associate Steward, Suffolk Downs
Lt. Brian Mulhern, Mass. State Police Chief of Investigations
Srgnt Sterling, Mass State Police
Officer Jane Doe, Mass State Police
    Defendants

## PARTIES

1. The Plaintiff is a citizen of the United States, and a resident of the State of Massachusetts and disabled according to the definitions made pursuant to the Americans with Disabilities Act, Exh. 1 files this action because she is being deprived a Stable Employees License by the Defendants of Racing Stewards and the State Racing Commission for reasons due to her disability and for retaliatory reasons for her claiming discrimination in the application, and licensing process which is preventing Plaintiff from gainful employment.

2. Thomas Reilly, Attorney General for the Commonwealth of Massachusetts is being sued herein professionally and personally for his neglect in training and supervision of the State Police who he is responsible. Reilly at all times material herein, authorized the Defendants and condoned police misconduct. "Reilly" at all material times has a duty, is responsible and duly elected employed by the Commonwealth of Massachusetts during all relevant times hereto was negligent in his duties to train and supervise his employees and agents discriminated against and deprived Plaintiff her rights secured by the Constitution and the laws of the Commonwealth.

3. Joseph Betro, named a Defendant herein and is being sued in his profession capacity as Chairman, State Racing Commission (SRC), and individually as for discrimination and responsible for the supervision and training of his employees, agents. "Betro" at all material times has a duty, is responsible and duly appointed by Defendant Romney, employed by the Commonwealth of Massachusetts during all relevant times hereto discriminated against Plaintiff in violation of the Americans with Disabilities Act and while doing so discriminately denied her a 'stay of the stewards knowingly discriminatory decision' and condoned police misconduct.

1

4. William Keen Chief named a Defendant herein and is being sued in his profession capacity as Chief Steward of the Sterling Suffolk Racecourse, LLC a Corporation Registered through the Commonwealth of Massachusetts. "Keen" responsible for licensing stable employees and issuing ID badges discriminately denied Erickson a license and ID badge and prevents her employment because she suffers from a disability that caused her to inadvertently transposed two numbers of her social security number. Betro's actions unlawful pursuant to the Americans with Disabilities Act and Massachusetts General Laws Chpt 151B. The SRC and stewards under the auspices of the Attorney General Keen has a duty to Plaintiff Erickson and responsible for the supervision and training of his employees, agents.

5. Keen then condoned police misconduct and attempted to interfere with Erickson advantageous employment relationship by condoning police misconduct meant to interfere with Erickson's advantageous employment relationship and intimidate Erickson's witnesses prior to a hearing.

6. Susan Walsh, Commission Steward named a Defendant herein and is being sued in her profession capacity as Commission Steward of the Sterling Suffolk Racecourse, LLC a Corporation Registered through the Commonwealth of Massachusetts. "Walsh" responsible for licensing stable employees and issuing ID badges discriminately denied Erickson a license and ID badge and prevents her employment. Walsh's actions unlawful pursuant to the Americans with Disabilities Act and Massachusetts General Laws Chpt 151B. The SRC and stewards under the auspices of the Attorney General Walsh is responsible to Plaintiff Erickson and responsible for the supervision and training of her employees, agents.

7. Walsh then condoned police misconduct and attempted to interfere with Erickson advantageous employment relationship by condoning police misconduct meant to interfere with Erickson's advantageous employment relationship and intimidate Erickson's witnesses prior to a hearing.

8. Edward Cantlon, Jr., Associate Steward named a Defendant herein and is being sued in his profession capacity as Steward of the Sterling Suffolk Racecourse, LLC a Corporation Registered through the Commonwealth of Massachusetts. "Cantlon" responsible for licensing stable employee and issuing ID badges discriminately denied Erickson a license and ID badge and prevents her employment unlawful pursuant to the Americans with Disabilities Act and Massachusetts General Laws Chpt 151B. The under the auspices of the Attorney General Cantlon is responsible to Plaintiff Erickson and responsible for the supervision and training of his employees, agents.

9. Cantlon then condoned police misconduct and attempted to interfere with Erickson advantageous employment relationship by condoning police misconduct meant to interfere with Erickson's advantageous employment relationship and intimidate Erickson's witnesses prior to a hearing.

10. Lt. Brian Mulhern, Mass. State Police Chief of Investigations named a Defendant herein and is being sued in his profession capacity as an Official of the Commonwealth State Police Unit of the Sterling Suffolk Racecourse, LLC a Corporation Registered through the

Commonwealth of Massachusetts. "Mulhern" responsible for the conduct of his Police Officers and ejecting Erickson from the racetrack and for discriminately preventing by his discriminatory recommendation to the Racing Stewards and the State Racing Commission the discriminatory denial for the issuance of her ID badge discriminately denied Erickson a license and ID badge and prevents her employment unlawful pursuant to the Americans with Disabilities Act and Massachusetts General Laws Chpt 151B. The under the auspices of the Attorney General Thomas Reilley as responsible to Plaintiff Erickson and responsible for the supervision and training of his employees, agents.

11. Mulhern conduct police misconduct of his State Police Officers and attempted to interfere with Erickson advantageous employment relationship by condoning police misconduct meant to interfere with Erickson's advantageous employment relationship and intimidate Erickson's witnesses prior to a hearing.

12. Srgnt Sterling, Mass State Police named a Defendant herein and is being sued in his profession capacity as an Official of the Commonwealth State Police Unit of the Sterling Suffolk Racecourse, LLC a Corporation Registered through the Commonwealth of Massachusetts. "Sterling" committed police misconduct by threatening Erickson's employers, intimidating Erickson's employers and interfered with Erickson's advantageous employment relationship by his discriminatory actions and intimidation of a witness for Erickson. Sterling acting under the auspices of the Attorney General Thomas Reilley as responsible to Plaintiff Erickson and knowing acted to produce public scorn and make Erickson appear criminal.

13. Officer Jane Doe, Mass State Police named a Defendant herein and is being sued in her profession capacity as an Official of the Commonwealth State Police Unit of the Sterling Suffolk Racecourse, LLC a Corporation Registered through the Commonwealth of Massachusetts. "Doe" committed police misconduct by threatening Erickson's employers, intimidating Erickson's employers and interfered with Erickson's advantageous employment relationship by his discriminatory actions and intimidation of a witness for Erickson. Doe acting under the auspices of the Attorney General Thomas Reilley as responsible to Plaintiff Erickson and knowing acted to produce public scorn and make Erickson appear criminal.

14. All the above named Defendants are also known collectively as the State Racing Commission employees "SRC".

JURISDICTION

This action arises under the First, Fourth, Fourteenth Amendments to the United States Constitution, and the Civil Rights Act of 1870, 42 USC sec 1983 et seq.; Americans with Disabilities Act; 18 USC 241 & 243; and those related to Article 14 & 15 of the Massachusetts Constitution and the Massachusetts Civil Rights Act and MGL Ch 151B.

This Honorable Court has subject matter jurisdiction of this action pursuant to 28 USC sec 1331 s& 1343, there is no jurisdictional requirement as to the amount of damages claimed and as to counts in this Complaint which are based on state law are a basis for invoking the supplementary jurisdiction of this Court pursuant to 28 USC sec 1367a, and 42 USC 1441.

COUNT I

POLICE MISCONDUCT
UNDER COLOR OF LAW
42 USC sec. 1983
VIOLATION 14th Amendment
As set forth herein below and incorporated therein.

COUNT II

DEPRIVATION OF DUE PROCESS BY A PUBLIC OFFICIAL
42 USC sec. 1983
VIOLATION 14th Amendment
Upon all Defendants
As set forth herein below and incorporated therein.

COUNT III

DEPRIVATION OF EQUAL PROTECTION BY A PUBLIC OFFICIAL
42 USC sec. 1983
VIOLATION 14th Amendment
Upon all Defendants
As set forth herein below and incorporated therein.

COUNT IV

NEGLIGENT TRAINING AND SUPERVISION BY PUBLIC OFFICIALS
Upon Defendants Romney, Betro, Keen and Mulhern
As set forth herein below and incorporated therein.

COUNT V

DISCRIMINATION
Americans with Disability Act and GL 151B
As set forth herein below and incorporated therein.

COUNT VI

DEPRIVATION OF 1st AMENDMENT DUE PROCESS AND EQUAL PROTECTION
Upon the all Defendants
As set forth herein below and incorporated therein.

## FACTS

1. This is an action for the discriminatory actions, police misconduct and for deprivations and violations of Plaintiff's rights to due process rights, her protections under the 1st, 4th, and 14th Amendments of the US Constitution, those under the Articles 14 and 15 of the Massachusetts Constitution, and the laws of the Commonwealth that Defendant's maliciously, negligently, intentionally, conspired and discriminately committed under the color of law to deprive Plaintiff those protections established by the Constitution of the United States and those provisions of the Constitution of Massachusetts.

2. Plaintiff states that on July 3rd, she was hired as a Stable Employee for horse trainer Marshal Novak, who operates an established training facility and trains thoroughbred racehorses at Suffolk Downs Racecourse and other places. Plaintiff was skilled in her work, successfully handled 3 of the 3 horses she groomed 2 who won their individual races including one who won its stakes race awarding $40,000.00 and one who won its allowance race of nearly $20,000.00 while the third came in a close second place. Trainer Novak and his wife offered Plaintiff long term employment and repeated their wishes to keep the employment continuing after the Racing Commission discriminately denied her a license and then discriminately denied her a stay of decision.

3. Plaintiff's employers were extremely pleased with Plaintiff's performance, integrity, character, love for horses, dedication, knowledge of horses and their care and hard work and offered her continued prolong work, bonuses, relocation to Florida and to learn the art of Race Horse Training.

4. Plaintiff's employers requested that Plaintiff obtain a 'Stable/Groomer Licence' and prepaid her for the cost for the license. Plaintiff filed out the paperwork, demonstrated to Novak's her social security card and state issued photo id and submitted the forms to the State Racing Commission's Office at Suffolk Downs.

5. On July 5th, 2004 the Chief Steward Keen requested Plaintiff into his office for a meeting, upon which the first thing he asked Plaintiff was to tell him her Social Security Number. Plaintiff immediately handed him her SS Card and said that she could not remember nor had she memorized it. The State Police Defendants were present and stated that Plaintiff had given them an incorrect number. Plaintiff apologized and said that she suffered from a disability known as dyslexia but relied upon carrying her SS card for the correct number which she finds it difficult to both read and memorize. In addition Plaintiff stated that she was aware that the Racing Commission would run a back ground check on her and that any previous charges and/or current charges were a result of a landlord/tenant dispute and that she had been basically cleared of these charges or they were pending dismissal and/or appeal.

6. On July 6th, 2004 Defendant Keen issued a denial of Plaintiff's request for a Stable Employee application license and gave a discriminatory reason claiming that Plaintiff's "lacked the requisite integrity" (Exh.1) and falsification of her application in violation of CMR 4.21: (5)(7) as per CMR 4.35:(1) SS number wrong.

7. On July 6th, 2004 Plaintiff filed a Notice of Appeal and a Request for an Appeal and a Petition/Request for Emergency Stay Pending Appeal filed in hand in the Office of the State Racing Commission.  Exh. 3

8. On July 7th, 2004 the State Racing Commission denied Plaintiff's Request for Stay Pending Appeal and stated that because of the reason's elicited in the July 6th, 2004 denial issued the Stewards refereeing to Exh. .

9. On morning of July 8th, 2004 Plaintiff filed a Reconsideration of Stay Pending Appeal  Exh. 4 arguing that the denial was discriminatory and that the State Racing Commissioners actions condoned discrimination and that his denial of a stay based on discrimination was unlawful requesting him to reconsider and issue an immediate stay and/or license and ID badge.

10. On or about the evening and close of business on July 8th, 2004 the Racing Commission  Exh. 5 issued at rather pretexual letter made to discriminate against Plaintiff and render a different non-discriminatory and unconstitutional reason to deny her a license and prevent her gainful employment. At the same time the SRC Defendants scheduled a hearing knowing that Plaintiff nor her witnesses would not be able to attend scheduling the hearing in Plainville, MA an area that Plaintiff has no access to.

11. On July 6th, 2004 Officer Jane Doe and Srgt Sterling approached Plaintiff's employers Susan and Marshal Novak and intimidated them ordering them not to re-employe Plaintiff "no matter what, even if she gets a license – which she won't". Further both Doe and Sterling informed the Novaks that they would be keeping an eye out for Erickson and they will keep hanging around their barn which will make others think that their doping horses. The Novaks were very upset at this and called Plaintiff immediately informing her of this police misconduct and intimidation. The Novaks also informed plaintiff that the Stewards sent over a woman to "take Erickson's place". The Novaks were now short by two people so they hired this temporary woman.

12. Again on July 7th, 2004 Officer Jane Doe approached the Novaks in an attempt to intimidate them again, demanding that they not not testify on behalf of Erickson and that her belongings had to be removed from her room. Plaintiff had made it very clear in her pleadings, Request for Stay Pending Appeal that the Stewards were discriminating that the Novaks wanted to her work for them and that she was suffering from a prolonged unemployment bout and the lack of a license preventing her from employement irreparably harmful to her and her employment relationship. By the actions of Officer Jane Doe the Novacks were intimdated and now questioned their support for Erickson at a hearing.

13. By the Defendants concerted efforts to discriminate, intimidate, interfere with advantageous employment relationship under the color of law, and to do so to make Plaintiff look incriminating in the eyes of her employer and others at the race track defaming Plaintiff's reputation, harming her and unlawful.

14. Plaintiff has lost gainful employment, lost wages and suffers humiliation caused by Defendants.

## COUNTS I-VIII
## VIOLATION OF 42 USC sec 1983

15. The actions of the Commonwealth of Massachusetts, the Sterling Suffolk Downs, LLC, State Racing Commission, Commissioner Betro, Barry, Steward Keen, Walsh and Cantlon, Attorney General Reilly, Police Officers Mulhern, Sterling, and Doe and employees and each of them individually and jointly meant to deprive Plaintiff a protected right to be free from discrimination, promotes intentional inflictions of emotional distress upon Plaintiff and acts to wrongful deprivation actionable under 42 USC sec 1983.

16. The Commonwealth of Massachusetts, the Sterling Suffolk Downs, LLC, State Racing Commission, Commissioner Betro, Barry, Steward Keen, Walsh and Cantlon, Attorney General Reilly, Police Officers Mulhern, Sterling, and Doe and employees and each of them individually and jointly Public Entity Defendants, under the color or authority and pretenses of the statutes, laws, regulations, customs and usages of the Commonwealth of Massachusetts were clothed with the authority of the State and were purporting to act thereunder.

17. The acts of the above mentioned Defendants, individually and through their agents, servants and employees, and each of them, were clearly supported by the power, property and prestige of the State Government which imbued them with the power and prestige of Government officials. As a consequence individually and through their agents, servants and employees, and each of them, were acting under the color or authority and pretenses of the statutes, laws, regulations, customs and usages of the Commonwealth of Massachusetts and the United States. Defendants, and each of them, were clothed with the authority of the State and were purporting to act thereunder.

18. The action against the said Defendants, individually and through their agents, servants and employees, for discrimination and for violations to and deprivations of constitutional rights and privileges under color or authority of State law, is actionable under 42 USC section 1983.

19. The said Defendants are not immune to a civil action for Fourth Amendment violations by state officials acting in their official capacity.

20. Damages are an appropriate and judicially manageable remedy for an invasion of personal interests in liberty, for the case presents a focused remedial issue without difficult questions of causation and valuation, and there are no applicable special factors counseling hesitation in the absence of affirmative action by Congress.

21. The actions of each said Defendants violated Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known.

22. The actions of each said Defendants impeded and hindered the course of justice with the intent to deny Plaintiff the equal protection of the laws.

7

23. As a direct and proximate result of the discrimination, outrageous and wrongful acts of each of the said Defendants, plaintiff suffered the loss of employment, lost wages, defamation, interference with advantageous relationship, indignities and humiliation, emotional and physical distress, pain and suffering, mental anguish, loss of liberty and loss of standing in the community and has been held up to ridicule before her peers.

24. Plaintiff is entitled to recover any and all actual damage, in a sum to be determined according to proof at trial, proximately caused by the wrongful acts hereinabove complained of and alleged herein.

25. The said Defendants and each of them individually and in concert acted willfully, maliciously, intentionally, oppressively, and in wanton and reckless disregard for the intentions of congress and those of antidiscrimination laws, of Plaintiff's constitutional rights and the possible consequences of their conduct. Accordingly, Plaintiff is entitled to and hereby demands punitive and exemplary damages by way of punishing and deterring the said Defendants in an amount of no less then one hundred thousand dollars ($100, 000.00).

26. The actions of said Defendants, jointly, and severally, entitle Plaintiff to an award of exemplary and punitive damages.

Respectfully submitted by,
Heidi K. Erickson, *pro se*
July 26th, 2004

By signature hereinabove I attest that the information herein is true under the pains and penalties of perjury.