UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO 04-

HEIDI K. ERICKSON
Plaintiff

v.

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

STATE RACING COMMISSION, ET AL

1. Plaintiff relies upon her filed with Verified Complaint and points to the facts therein at paragraphs 1-14 as if fully set forth herein, incorporating these paragraphs herein.

2. Plaintiff recapitulates she is an individual identified as disabled pursuant to the definitions of the Americans with Disabities Act and attaches Affidavit Dr .Kenneth Dinklage of Harvard University (Exh. ), and that on or about July 6th, 2004 the Defendants issued a denial of Erickson's License (Exh. ) preventing her employ, for discriminatory reasons and then denied her a stay of the decision due to the same discriminatory reason, her dyslexia caused Erickson to misread the numbers in her social security card transposing two digits, and after Erickson requested a reasonable accommodations to take a photocopy of Ms. Erickson's SS card in place of her written application it denied her the reasonable accommodations.

3. Once Erickson complained and announced that the SRC was discriminating against her in an unlawful manner the SRC changed it's reason providing a pretextual non-discriminatory reason to deny Ms. Erickson a License and a stay of its decision.

4. The Court should grant a preliminary injunction in favor of the Plaintiff where: (a) the Plaintiff will suffer injury if the injunction is not granted; (b) such injury outweighs any harm which granting injunctive relief would inflict on the defendants; (c) the Plaintiff has exhibited a likelihood of success on the merits, and; (d) the public interest will not be adversely affected by the granting of the injunction. *Planned Parenthood League of Massachusetts v. Bellotti*, 641 F.2d.1066, 1009 (1st. Cir. 1981); *Narragansett Indian Tribe v. Guilbert*, 934 F.2d. 4, 5 (1st Cir. 1991). In balancing the elements of this test, the Plaintiff is entitled to the relief she seeks if:

   > The harm caused Plaintiff without the injunction, in light of the Plaintiff's likelihood of eventual success on the merits, outweighs the harm the injunction will cause Defendants.

   *United Steelworkers of America v. Textron, Inc.*, 836 F.2d. 6, 7 (1st Cir. 1987), citing *Vargas-Figueroa v. Saldana*, 826 F.2d. 160, 162 (1st Cir. 1987) (emphasis original). The more foreseeable the Plaintiff's ultimate success on the merits, the less weight the Court accords the Defendant's prospective loss. *SEC v. World Radio Mission*, 544 F.2d. 535, 541 (1st Cir. 1976). The Plaintiff here has met these standards.

2. The Plaintiff will surely suffer grave injury, both financial and physical from lack of gainful employment especially when it follows a prolonged unemployment bout that Plaintiff has suffered.

3. The harm that is placed upon Defendants State Racing Commission (SRC) from a restraining order being placed upon it restraining it from discriminatory actions, police misconduct is not a harm that the SRC could potentially suffer.

4. The SRC will be unable to demonstrate that it's pretextual excuses for discrimination could outweigh the importance of Ms. Erickson's employment in a nondiscriminatory, constitutionally appropriate manner.

5. Therefore Plaintiff demonstrates she has a likelihood of success on the merits of this dispute.

6. As such, Plaintiff points to those intentions of Congress and those promulgated under the ADA Plaintiff is likely to prevail on her claim and states that she has a reasonable likelihood of prevailing on this defense.

**IRREPARABLE HARM**

7. If the injunction is not granted, Plaintiff will clearly suffer great irreparable harm from the loss of income.

**BALANCING OF HARMS**

8. Balancing the irreparable harm to the Plaintiff and her likelihood of success on the merits against any potential harm to the Defendant or public interest, the scale greatly tips in favor of the Plaintiff. The Plaintiff and this court acknowledge the importance of discrimination and the harm that it imposes, the harm that police misconduct, defamation while the law provides people in Massachusetts may live free from oppressive government restraints and those pursuant to the 14th Amendment to the US Constitution. Clearly, the balance of harms tips in favor of the Plaintiff.

9. Furthermore, the greater the irreparable harm shown by the Plaintiff, the lower her burden is with respect to success on the merits.

> Since the goal is to minimize the risk of irreparable harm, if the moving party can demonstrate both that the requested relief is necessary to prevent irreparable harm to it and that granting the injunction poses no substantial risk of such harm to the opposing party, a substantial possibility of success on the merits warrants issuing the injunction.

*Packaging Indus. Group, Inc. v. Cheney, supra*, 380 Mass. At 617, n.12. Clearly, Plaintiff faces immense irreparable harm (the loss of her companions). Granting the injunction poses no threat to anyone. Therefore, the Plaintiff need only demonstrate a substantial possibility of success, which she has clearly shown, for the Court to issue a Preliminary Injunction let alone a temporary order of 10 days until it issues a Preliminary Injunction.

10. The Court should grant a preliminary injunction in favor of the Plaintiff where: (a) the Plaintiff will suffer injury if the injunction is not granted; (b) such injury outweighs any harm which granting injunctive relief would inflict on the defendants; (c) the Plaintiff has exhibited a likelihood of success on the merits, and; (d) the public interest will not be adversely affected by the granting of the injunction. *Planned Parenthood League of Massachusetts v. Bellotti*, 641 F.2d.1066, 1009 (1st. Cir. 1981); *Narragansett Indian Tribe v. Guilbert*, 934 F.2d. 4, 5 (1st Cir. 1991). In balancing the elements of this test, the Plaintiff is entitled to the relief she seeks if:

> The harm caused Plaintiff without the injunction, <u>in light of</u> the Plaintiff's likelihood of eventual success on the merits, outweighs the harm the injunction will cause Defendants.

*United Steelworkers of America v. Textron, Inc.*, 836 F.2d. 6, 7 (1st Cir. 1987), citing *Vargas-Figueroa v. Saldana*, 826 F.2d. 160, 162 (1st Cir. 1987) (emphasis original). The more foreseeable the Plaintiff's ultimate success on the merits, the less weight the Court accords the Defendant's prospective loss. *SEC v. World Radio Mission*, 544 F.2d. 535, 541 (1st Cir. 1976). The Plaintiff here has met these standards.

WHEREFORE Plaintiff respectfully requests this Honorable Court grant her the relief she seeks, and all other relief it deems fair and just.

Respectfully submitted by:
Heidi K. Erickson, *pro se* *July 26th, 2004*

By signature hereinabove I attest that the above paragraphs are true under the pains and penalties of perjury. That I have caused a true copy upon the Defendants.