```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

HEIDI K. ERICKSON,             )
          Plaintiff,           )
                               )
     v.                        )  C.A. No. 04-11660-WGY
                               )
STATE RACING                   )
COMMISSION, et al.,            )
```

MEMORANDUM AND ORDER

For the reasons stated below, plaintiff's motions for an oral hearing and a preliminary injunction are denied, and plaintiff shall demonstrate good cause why this action should not be dismissed without prejudice based on abstention.

BACKGROUND

On Monday, July 26, 2004, at approximately 5:00pm, Heidi Erickson commenced this action by filing an application to proceed without prepayment of fees, a complaint, and motions for a preliminary injunction and hearing.  Erickson names the State Racing Commission (the "SRC"); the Attorney General, the Commissioner of the SRC, two Suffolk Downs stewards, the head of investigations for the Massachusetts State Police, and a police sergeant.

Erickson contends that in early July she was hired as "Stable Employee" for a trainer at Suffolk Downs Racecourse. Compl. p. 5.  She states that she applied for a Stable/Groomer License from the State Racing Commission, and alleges that on July 5, 2004, defendant William Keen, the Chief Steward at

Suffolk Downs, requested a meeting with her.  <u>Id.</u>  At the meeting, at which the Police Officer defendants were also present, Erickson was informed by Keen that her application listed an incorrect Social Security number.  <u>Id.</u>  Erickson asserts that she informed Keen that she had dyslexia, was aware that a background check would be conducted, and that any pending court matters against her would be dismissed.  <u>Id.</u>

The next day, Keen denied Erickson's license application because she "lacked the requisite integrity" and for falsification of her application.  <u>Id.</u>, Ex. 2.  The "integrity" finding apparently was based on pending criminal charges for animal cruelty against Erickson in Massachusetts state courts.  <u>Id.</u> Ex. 5.  Erickson appealed the denial and sought a "stay" of the decision denying her a license from the SRC.  <u>Id.</u> at p. 6.  It appears that the SRC scheduled a hearing on Erickson's appeal for July 14, 2004, and that Erickson sought to have the hearing rescheduled.  <u>Id.</u>, Exs. 5-6.  It is unclear from the complaint whether the SRC hearing ever took place.  <u>Id.</u>

Erickson also contends that defendant Sterling, a Massachusetts Police Officer, and another officer contacted the trainer who wanted to hire her as well as his wife and "intimidated" them by telling them not to hire Erickson or to

testify on her behalf at the SRC hearing.  Id.

As previously noted by my fellow members of this Court, Ms. Erickson is no stranger to the Court, having previously filed 18 other actions, nearly all of which have invariable sought immediate, emergency relief.[1]  On August 16, 2004,

---

[1] See, e.g., Erickson v. Commonwealth, C.A. No. 94-10354-RWZ (granting respondent's motion to dismiss); Erickson v. Harvard Univ., C.A. No. 94-12472-RGS (granting defendant's motion to dismiss), appeal dismissed, No. 95-1335 (1st Cir. July 5, 1995); Erickson v. Harvard Univ., et al., C.A. No. 95-10698-PBS (dismissing action removed by defendants; Erickson enjoined from filing future suits against defendants) appeal dismissed, No. 95-2368 (1st Cir. Apr. 30, 1996); Erickson v. DeSouza, C.A. No. 95-10863-JLT (remanding to Middlesex Superior Court); Erickson v. Mass. Committee for Public Counsel Servs., et al., C.A. No. 95-12575-JLT (dismissing under former § 1915(d)); Maziarz, et al. v. Erickson, C.A. No. 96-10719-MLW (remanding); Erickson v. Cambridge/Somerville Elder Servs., C.A. No. 00-12523-EFH (§ 2254 petition dismissed with prejudice); Viola v. Erickson, C.A. No. 01-11135-DPW (remanding); Erickson v. Nahigan, et al., C.A. No. 02-10918-JLT (remanding, plaintiff advised of Court's authority to enjoin); Erickson v. Bersani, et al., C.A. No. 02-11580-JLT (plaintiff directed to demonstrate good cause why she should not be enjoined; action dismissed under § 1915(e)(2)); Erickson v. Kovacev, C.A. No. 03-10438-DPW (remanding; attempt to remove housing court proceedings to this Court); Erickson v. Administrative Office, et al., C.A. No. 03-10460-NMG (dismissing ADA claims based on alleged discriminatory treatment in state court proceedings); Erickson v. Reilly, et al., C.A. No. 03-10785-RCL (pending; civil rights claims based on seizure of cats); Erickson v. Watertown Health Dep't, et al., C.A. No. 03-10999-RCL (removed action administratively dismissed on abstention grounds; civil rights claims based on events surrounding seizure of cats); Erickson v. Somers, C.A. No. 04-10629-DPW (dismissing discrimination claims based on alleged dissemination of information about plaintiff's notoriety to prospective landlords), appeal filed, No. 04-1594; Erickson v. Commonwealth, et al.. C.A. No. 04-11607-DPW (dismissing claims based on alleged euthanasia of quarantined cats); Erickson v. CPCS, et al., C.A. No. 04-11659-RCL (filed 7/26/04 and

Judge Woodlock of this Court enjoined Erickson from filing additional papers in this Court absent leave of Court based on her history of frivolous filings.  See Erickson v. Somers, C.A. No. 04-10629-DPW, appeal filed, No. 04-1594.

## ANALYSIS

I.  Abstention

The underlying event that is the focus of all of plaintiff's federal claims in this action is the initial denial of her application for a stable employee license by the State Racing Commission.  Erickson seeks an injunction that would, amongst other relief, "stay" the denial of her application or direct the Commission to issue her a license. Motion, p. 1.  Because the license denial is currently the subject of on-going administrative proceedings before the Commission, and because further state court judicial review is available, it appears that the Court must abstain from reviewing these claims.[2]

---

pending) (claims about alleged ineffective legal assistance at state criminal hearings for animal cruelty).

   [2]Because the doctrine of abstention appears to foreclose consideration of plaintiff's claims, I will not consider, at this time, all alternative bases of dismissal such as Eleventh Amendment immunity and plaintiff's reliance on the doctrine of respondeat superior as a theory of liability.  Alabama v. Pugh, 438 U.S. 781, 781 (1978) (per curiam) (11th Amendment

4

In <u>Younger v. Harris</u>, 401 U.S. 37 (1971), the Supreme Court held that federal courts are required to abstain from issuing federal court injunctions in situations where, absent bad faith, harassment, or a patently invalid state statute, there is a pending state criminal proceeding. <u>Younger</u>, 401 U.S. at 54. The <u>Younger</u> doctrine has been extended to apply to proceedings that are closely related to criminal proceedings, including certain state enforcement and administrative proceedings. <u>See, e.g.</u>, <u>Huffman v. Pursue, Ltd.</u>, 420 U.S. 592, 594 (1975) (nuisance); <u>Juidice v. Vail</u>, 430 U.S. 327, 334-335 (1977) (civil contempt); <u>Trainor v. Hernandez</u>, 431 U.S. 434, 444-447 (1977) (attempt by state to recover fraudulently-obtained welfare benefits); <u>Moore v. Sims</u>, 442 U.S. 415, 423-426 (attempt by state to obtain child custody); <u>Ohio Civil Rights Comm'n. v. Dayton Christian</u>

---

bars suits against a State, its departments and agencies unless the State has consented to suit); <u>Quern v. Jordan</u>, 440 U.S. 332, 344 (1979) (Congress, in enacting § 1983 did not abrogate immunity afforded by the 11th Amendment); <u>Brown v. Newberger</u>, 291 F.3d 89, 92 (1st Cir. 2002) (stating that there has been no unequivocal abrogation of the Commonwealth's Eleventh Amendment immunity); <u>Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.</u>, 506 U.S. 139, 142-144 (1993) (11th Amendment operates as a withdrawal of jurisdiction); <u>Pinto v. Nettleship</u>, 737 F.2d 130, 132 (1st Cir. 1984) (no <u>respondeat</u> <u>superior</u> liability under § 1983; liability can only be imposed upon officials who were involved personally in the deprivation of constitutional rights); <u>accord</u> <u>Guzman v. City of Cranston</u>, 812 F.2d 24, 26 (1st Cir. 1987) (same); <u>Rodriguez-Vazquez v. Cintron-Rodriguez</u>, 160 F. Supp. 2d 204, 210-213 (D. P.R. 2001) (dismissing claims, allegation that defendant was "ultimately responsible for the selection and/or supervision and/or training and/or discipline of his subordinates" was insufficient).

Schs., Inc., 477 U.S. 619, 627-629 (1986) (state administrative proceedings involving important state interests).

To the extent that state court review of an agency's decision is available, administrative proceedings, once begun, are still considered "pending" for purposes of Younger. Maymo-Melendez v. Alvarez-Ramirez, 364 F.3d 27, 35-36 (1st Cir. 2004). Thus, state-court judicial review of a state administrative decision must be exhausted before federal intervention is permitted, and a litigant does not have "an automatic right to detour into federal court because [she is] unhappy with an initial answer" given by the agency. Id. at 35.

Here, the stable employee license proceedings at issue here clearly are the type of state enforcement and administrative proceedings to which Younger applies. Id. at 34 (Younger abstention applied to horse trainer's license suspension claims); Mass. Regs. Code tit. 205, § 4.21(5) (any person making any false, untrue or misleading statements on an application for license or registration may be denied such a license or registration or may be assessed a forfeiture, suspended or both); cf. Fioravanti v. State Racing Commission, 375 N.E.2d 722, 726-727, 6 Mass. App. Ct. 299, 303-305 (1978) (in establishing racing regulations the

Commission exercises the police power of the State delegated to it by the Legislature; Legislature has recognized the dangers of fraud and corruption in horse racing accompanied by gambling and has given broad powers to the Commission to strictly control racing operations).

Further, Massachusetts law clearly provides a comprehensive avenue of review of any "adjudicatory proceeding" by the State Racing Commission such that the proceedings must be considered "on-going" even after the Commission renders a decision. Maymo-Melendez, 364 F.3d at 35-36. Judicial review of agency "adjudicatory proceeding" may be obtained under Section 14 of Chapter 30A. Mass Gen. Laws ch. 30A, § 14. An "adjudicatory proceeding" is defined as a proceeding in which the "legal rights, duties or privileges of specifically named persons are required by constitutional right or by any provision of the General Laws to be determined after opportunity for an agency hearing," Mass. Gen. Laws, ch. 30A, § 1(1), and the Supreme Judicial Court has held this definition includes the issuance of racing licenses. Bay State Harness Horse Racing & Breeding Ass'n, Inc. v. State Racing Comm'n, 175 N.E.2d 244, 249, 342 Mass. 694, 700-701 (1961) (review of Commission decision to deny racing license was an "adjudicatory proceeding" entitled to

judicial review under Section 14).[3]

Thus, because an on-going proceeding concerning Erickson's license is currently pending before the State Racing Commission and because state-court judicial review of any decision by the Commission is available, the doctrine of Younger abstention appears to bar plaintiff's claims. Maymo-Melendez, 364 F.3d at 35-36; Brooks v. New Hampshire Supreme Court, 80 F.3d 633, 637 (1st Cir. 1996) (stating that if Younger applies, abstention is mandatory).

## CONCLUSION

ACCORDINGLY, plaintiff is directed to demonstrate good cause, in writing, within 35 days of the date of this Memorandum and Order, why this action should not be dismissed without prejudice based on Younger abstention.

SO ORDERED.

Dated at Boston, Massachusetts, this 20th day of August 2004.

                              s/ William G. Young
                              WILLIAM G. YOUNG
                              CHIEF JUDGE

---

[3] See generally Mass. Regs. Code tit. 205, § 4.03 (appeal to the Commission); § 4.03(4)(an applicant for a hearing will be heard in person and may be represented by counsel); § 4.21(6) (on initial application, stewards may require the applicant, as well as the endorsers to appear before them and show that said applicant is qualified in every respect to receive the license requested).